UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BOBBY MANALCUS WILBANKS and | : | CASE NO. 10-60990-JEM |
| KIMBERLY ANN WILBANKS, | : | |
| | : | |
| Debtors. | : | JUDGE MASSEY |

## MOTION FOR COMPROMISE AND SETTLEMENT

COMES NOW, Barbara B. Stalzer, as the duly acting and authorized Chapter 7 Trustee in the above styled case, by and through her attorney, and moves this Court for an order authorizing her to compromise and settle one certain preference claim, the estate's claim for return of a preferential payment as outlined in Paragraph 2 below, pursuant to Bankruptcy Rule 9019, and respectfully shows the Court the following:

1.

Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks ("the Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 12, 2010. Barbara B. Stalzer was appointed as Chapter 7 Trustee. The 341 meeting of creditors was held on February 8, 2010, and concluded on March 3, 2010.

2.

In the petition, Debtors disclosed a payment made to David Miller Roofing and Gutters, Inc., of Monroe, Georgia ("Miller Roofing"), on or about December 18, 2009, in the sum of $14,370.79. Trustee determined that this payment, occurring as it did less than four weeks before bankruptcy filing, was an avoidable preferential payment made within 90 days of

bankruptcy filing, and was thus avoidable pursuant to Section 547 of the Bankruptcy Code.

3.

Before demand was made on Miller Roofing, Trustee gave notice to the Debtors that she would make an attempt to avoid the preference payment to Miller Roofing.

4.

Debtors have indicated that they wish to avoid any Trustee action against Miller Roofing, and have offered to pay the Trustee themselves, if it can be done over time. Debtors and Trustee have agreed, subject to Bankruptcy Court approval after notice to creditors, to resolve the estate's preferential claim for the full amount of $14,370.79 if said sum could be paid in installments. The installment plan calls for a first payment of $1,000.00, followed by monthly installments thereafter in the sum of $500.00, until paid in full. The $1,000.00 first payment has been tendered and an additional $500.00 payment have both been made.

5.

The standard for approving or disapproving a compromise and settlement is found in the factors set forth in <u>Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II)</u>, 898 F2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). <u>Justice Oaks</u> requires that the Court consider (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, as well as the expense, inconvenience, and delay; and (4) a deference to the reasonable views of creditors.

6.

The Trustee shows the Court that the compromise involves no discounting of the amount of the preferential claim, but instead a deferral of its payments in the form of the installment plan outlined in Paragraph 4, above. Such compromise as set forth above will avoid litigation costs,

will produce to the bankruptcy estate the full sum of the avoidable preferential transfer, and avoids the uncertainty of collectability against Miller Roofing, the payee of the preference. The Trustee anticipates this settlement to provide funds to distribute to unsecured creditors.

WHEREFORE, the Trustee prays:

(a) that this Court authorize the compromise and settlement of the estate's preferential claim for the sum of $14,370.79, to be paid as outlined in Paragraph 4 herein;

(b) that this Court authorize the compromise and settlement to be with the Debtors themselves rather than with the transferee of the preferentially paid sum, David Miller Roofing and Gutters, Inc.;

(c) that notice issue for the proposed compromise and settlement pursuant to Bankruptcy Rules 2002 and 9019;

(d) that the Court grant such other and further relief as may be appropriate.

This 27th day of July, 2010.

BARBARA BELL STALZER, P.C.

By:_____/s/_____
Barbara B. Stalzer, Attorney for Trustee
Georgia Bar No. 674236

60 Lenox Pointe, N.E.
Atlanta, GA 30324-3170
404-442-6399 Phone
404-442-6950 Fax
barbara.stalzer@7trustee.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BOBBY MANALCUS WILBANKS and | : | CASE NO. 10-60990-JEM |
| KIMBERLY ANN WILBANKS, | : | |
| | : | |
| Debtors. | : | JUDGE MASSEY |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing *Motion for Compromise and Settlement* on the following by hand delivery or by placing a copy of same in the U.S. mail in a properly addressed envelope with sufficient postage thereon to insure delivery:

| | |
|---|---|
| Office of the U.S. Trustee<br>362 Russell Federal Building<br>75 Spring Street, SW<br>Atlanta, GA 30303-3315 | Karen Scott Greene, Esq.<br>P O Box 390322<br>Snellville, GA 30039-0006 |
| Bobby Manalcus Wilbanks<br>943 Lake Stone Lea Drive<br>Oxford, GA 30054-3629 | Kimberly Ann Wilbanks<br>943 Lake Stone Lea Drive<br>Oxford, GA 30054-3629 |

This 27th day of July, 2010.

BARBARA BELL STALZER, P.C.

By:_____/s/_____
Barbara B. Stalzer, Attorney for Trustee
Georgia Bar No. 674236

60 Lenox Pointe, N.E.
Atlanta, GA 30324-3170
404-442-6399 Phone
404-442-6950 Fax
barbara.stalzer@7trustee.net