UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-60990-WLH |
| | : | |
| BOBBY MANALCUS WILBANKS and KIMBERLY ANN WILBANKS, | : | CHAPTER    7 |
| | : | |
| Debtors. | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| BOBBY MANALCUS WILBANKS and KIMBERLY ANN WILBANKS, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Bobby Manalcus Wilbanks ("**Mr. Wilbanks**") and Kimberly Ann Wilbanks ("**Ms. Wilbanks**" and collectively with Mr. Wilbanks, the "**Debtors**"), by and through undersigned counsel, and files this *Trustee's Objection to Claimed Exemptions* (the "**Objection**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on January 12, 2010 (the "**Petition Date**"), and initiated Case No. 10-60990-WLH (the "**Bankruptcy Case**").  On May 20, 2010, an *Order Discharging Chapter 7 Debtors* was entered [Doc No. 19].   On September 6, 2013, the Court entered an Order Approving, Discharging Trustee and Closing Estate [Doc. No. 51].

3.      On June 14, 2018, the United States Trustee filed a motion to reopen the Bankruptcy Case so that an unscheduled personal injury or product liability claim of Ms. Wilbanks (the "**Claim**") could be administered for the benefit of Debtors' creditors. [Doc. No. 53].  On June 18, 2018, the Court entered an order reopening the case.  [Doc. No. 57].

4.      Trustee was thereafter appointed as successor Chapter 7 Trustee and remains in that role.  [Doc. No. 59].[1]

5.      On July 20, 2018, after the Court reopened the Bankruptcy Case*,* Debtors scheduled the Claim in the amounts of $80,000.00 and $13,000.00 as joint property of both Debtors.  [Doc. No. 61 at page 3 of 8].  Upon information and belief, Ms. Wilbanks is the owner of the Claim and not Mr. Wilbanks.

6.      Debtors also each scheduled an exemption in the Claim as follows: (1) "Wife's claim of pelvic mesh settlement" under O.C.G.A.  §  44-13-100(a)(6) (the "**Wildcard Exemption**") in the amount of $10,000.00 ("**Ms. Wilbanks' Exemption**"); and (2) "Husband's claim of pelvic mesh settlement" using the Wildcard Exemption in the amount of $10,000.00 ("**Mr. Wilbanks' Exemption**").  [Doc. 61 at page 5 of 8].

---

[1]      Barbara Stalzer was originally the trustee for and administered the Bankruptcy Estate.

12548595v1

**Objection to Claimed Exemptions**

7.     Pursuant to O.C.G.A. § 44-13-100(b), the State of Georgia has opted out of the federal exemption scheme and follows its own state-provided exemptions as set forth in O.C.G.A. § 44-13-100(a).  *See* Ga. Code Ann. § 44-13-100 (2010).

8.     Under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, Trustee and other parties have thirty (30) days from the conclusion of the 341 Meeting or within thirty (30) days after any amendment to the list or supplemental schedule is filed, whichever is later, to file an objection to exemptions.  Fed. R. Bankr. P. 4003.

9.     Under the version of O.C.G.A. § 44-13-100(a)(6), which was effective as of the Petition Date, a debtor may exempt *debtor's aggregate interest*, not to exceed $600.00 in value plus any unused amount of exemption not to exceed $5,000.00 provided under O.C.G.A. § 44-13-100(a)(1).  Ga. Code Ann. § 44-13-100(a)(6) (2010).

10.    Based on these dollar limitations, Debtors have both exceeded the allowed amount of exemptions to which they are entitled under O.C.G.A. § 44-13-100(a)(6).  In addition, based on information currently known to Trustee, Mr. Wilbanks has no ownership interest in the Claim and thus is not entitled to exempt an interest in it.  *See* Ga. Code Ann. § 44-13-100(a) (2010).

11.    To the extent that the Court determines that Debtors are not entitled to amend their claimed exemptions following the closure and reopening of the Bankruptcy Case, Trustee objects to Mr. Wilbanks' Exemption and Ms. Wilbanks' Exemption in total and requests that they be stricken.  *See, e.g., In re Benjamin*, 580 B.R. 115 (Bankr. D.N.J. 2018); *In re Dollman*, 2017 WL 4404242 (Bankr. D.N.M. September 29, 2017); *In re Awan*, 2017 WL 4179816 (Bankr. C.D.Ill. September 20, 2017).

12548595v1

12.    Moreover, and irrespective of the Court's determination of the permissibility of a post-closure amendment to exemptions, Trustee objects to Mr. Wilbanks' Exemption and Ms. Wilbanks' Exemption because they exceed the statutory allowances under O.C.G.A. §44-13-100(a)(6).    Trustee also objects to Mr. Wilbanks' Exemption because (again based on information currently known to Trustee) Mr. Wilbanks does not own an interest in the Claim. In addition, Trustee objects to any other claimed exemptions of the Debtors to the extent that they exceed the statutory allowances provided under O.C.G.A. § 44-13-100(a).  This Objection shall be a continuing objection in anticipation of any amendments that may or may not resolve this original Objection, without the need for filing new objections.

WHEREFORE, having filed this Objection Trustee respectfully prays that the Court sustain the Objection and grant to Trustee such other and further relief deemed just and proper.

Respectfully submitted this 17th day of August, 2018.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
P: (404) 873-8500

12548595v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-60990-WLH |
| | : | |
| BOBBY MANALCUS WILBANKS and | : | CHAPTER    7 |
| KIMBERLY ANN WILBANKS, | : | |
| | : | |
| Debtors. | : | |
| | : | |
| _____ | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| BOBBY MANALCUS WILBANKS and | : | |
| KIMBERLY ANN WILBANKS, | : | |
| | : | |
| Respondents. | : | |
| | : | |
| _____ | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Bobby Manalcus Wilbanks ("**Mr. Wilbanks**") and Kimberly Ann Wilbanks ("**Ms. Wilbanks**" and collectively with Mr. Wilbanks, the "**Debtors**"), has filed *Trustee's Objection to Claimed Exemptions* (the "**Objection**"), requesting that the Court disallow Debtors' claimed exemptions under O.C.G.A. § 44-13-100(a)(6) and any other statutory provision to the extent that they exceed the statutory limits or to the extent the either Mr. Wilbanks or Ms. Wilbanks do not actually have an interest in the exempted property interest.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the aforesaid Objection in **Courtroom 1403**, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at **10:30 a.m. on September 11, 2018**.

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with

12548595v1

the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Suite 1340 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the counsel for Trustee, Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, N.W. Suite 2100, Atlanta, Georgia 30363-1031.

        Dated: August 17, 2018.

                                        ARNALL GOLDEN GREGORY LLP
                                        *Attorneys for Trustee*

                                        By: */s/ Michael J. Bargar*
                                            Michael J. Bargar
                                            Georgia Bar No. 645709
                                            michael.bargar@agg.com

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
P: (404) 873-8500

12548595v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18, and that I have this day served the foregoing *Objection to Claimed Exemptions* and *Notice of Hearing* by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Bobby Manalcus Wilbanks
943 Lake Stone Lea Drive
Oxford, GA  30054

Kimberly Ann Wilbanks
943 Lake Stone Lea Drive
Oxford, GA  30054

Karen Scott Greene
Karen Scott Greene, PC
PO Box 390322
Snellville, GA  30039

This 17th day of August, 2018.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

12548595v1