UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BOBBY MANALCUS WILBANKS, | : | CASE NO. 10-60990-WLH |
| KIMBERLY ANN WILBANKS | : | |
| | : | |
| Debtors. | : | |

**APPLICATION TO EMPLOY FORD & ASSOCIATES NATIONWIDE LEGAL SERVICES, APC, GOLDWATER LAW FIRM, AND BERTRAM & GRAF, LLC AS SPECIAL COUNSEL FOR TRUSTEE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**"), and files this application (the "**Application**") with the Court seeking authorization to retain as special counsel on behalf of the Bankruptcy Estate: Ford & Associates Nationwide Legal Services, APC, Goldwater Law Firm, and Bertram & Graf, LLC ("**Special Counsel**") with respect to Kimberly Ann Wilbanks ("**Mrs. Wilbanks**") for the Claim (defined below), and respectfully shows this Court as follows:

1.    On January 12, 2010 ("**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 10-60990-WLH (the "**Bankruptcy Case**"). On May 20, 2010, the Court entered an *Order Discharging Chapter 7 Debtors.* [Doc. No. 19]. On September 6, 2013, the Court entered an *Order Discharging Debtors and Closing Estate.* [Doc No. 51].

2.    On June 14, 2018, the United States Trustee filed a motion to reopen the Bankruptcy Case so that an unscheduled personal injury or product liability claim of Mrs. Wilbanks (the

1

13043481v2

"**Claim**") could be administered for the benefit of Debtors' creditors [Doc No. 53]. On June 18, 2018, the Court entered an order reopening the case. [Doc. No. 57].

    3.    On June 26, 2018, Trustee was appointed as successor Chapter 7 Trustee and remains in that role. [Doc No. 59].

    4.    On July 20, 2018, after the Court reopened the Bankruptcy Case, Debtors scheduled the Claim in the amounts of $80,000.00 and $13,000.00 as joint property of both Debtors. [Doc. No 61 at page 3 of 8]. Upon information and belief, Mrs. Wilbanks is the owner of the Claim and not Mr. Wilbanks.

    5.    Trustee has investigated the Claim and has selected Special Counsel based on their experience and qualifications in this type of action, to pursue the Claim on behalf of the Bankruptcy Estate. The verified statements of Special Counsel are attached and incorporated herein as Exhibits "A", "B", and "C" (the "**Verified Statements**").

    6.    The professional services Special Counsel may render include:

    (a)    To give Trustee legal advice regarding any trial or settlement offer with respect to the Claim;

    (b)    To examine and defend the examination of witnesses in the Claim matters in depositions, administrative hearings, or at trial;

    (c)    To prepare on Mrs. Wilbanks's/Trustee's behalf motions, pleadings, discovery papers, and all other papers reasonably necessary to pursue said Claim;

    (d)    To prepare form of pre-trial orders, prepare the case for trial, try the case, and prosecute any appeals or related proceedings as may arise from the Claim matters; and

(e) To perform all other legal services for Ms. Wilbanks/Trustee in the Claim matters.

7. On or about December 22, 2015, Debtors entered into a representation agreement with Special Counsel, a true and correct copy of which is attached as Exhibit "D" (the "**Contract**"), to pursue the Claim. The Contract provides that Special Counsel will be paid a fee of forty percent of the gross amount paid as settlement proceeds or as satisfaction of any judgment as compensation for legal services rendered in connection with the Claim split as follows.

| | |
|---|---|
| Ford & Associates Nationwide Legal Services, APC | 33% |
| Goldwater Law Firm | 22% |
| Bertram & Graf, LLC | 45% |

Irrespective of this agreed split, any proposed settlement or fee awarded to Special Counsel will be subject to and not binding without approval of the Court.

8. The Contract will continue as the fee arrangement for Special Counsel, except that compensation of Special Counsel for services rendered and any ordinary and necessary expenses incurred are subject to approval of this Court, following appropriate application and notice.

9. To the best of Trustee's knowledge, Special Counsel has no connection with Debtors' creditors, or any other party in interest, or their respective attorneys.

10. No agreement or understanding exists between Special Counsel and any other persons or firms for the sharing of compensation which may be allowed by this Application, and no such sharing or division shall be made.

13043481v2

11.     Special Counsel represents no interest adverse to Trustee or the Bankruptcy Estate in the matters upon which Special Counsel is to be engaged, and the employment of Special Counsel is in the best interests of this Bankruptcy Estate.

12.     Trustee proposes that Special Counsel be compensated for their services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to Special Counsel except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that this Application be granted, enabling him to retain Special Counsel as special counsel for such purposes as requested herein and that the Court grant such other relief as is just and proper.

Respectfully submitted this 10th day of January, 2020.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

13043481v2

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am an attorney of the law firm Ford & Associates Nationwide Legal Services, APC, 3555 Fourth Avenue, San Diego, CA 92103 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtors, their creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Mrs. Wilbanks in a matter related to a potential transvaginal mesh/sling claim.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtors' Ch. 7, Case No. 10-60990-WLH, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contract for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7. I further represent and warrant that Ford & Associates Nationwide Legal Services,

APC maintains errors and omissions insurance coverage in the amount of $1,000,000 million and has provided the declaration page of its policy to Trustee.

8. I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 26 day of September, 2019.

FORD & ASSOCIATES NATIONWIDE
LEGAL SERVICES, APC

/s/ *Patrick M. Ford*
Patrick M. Ford
California Bar No. 114398

EXHIBIT "B"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am an attorney of the Goldwater Law Firm, 11811 N. Tatum Blvd, Suite 3031, Phoenix, AZ 85028 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtors, their creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Mrs. Wilbanks in a matter related to a potential transvaginal mesh/sling claim.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtors' Ch. 7, Case No. 10-60990-WLH, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contract for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7. I further represent and warrant that Goldwater Law Firm maintains errors and omissions insurance coverage in the amount of $5 million and has provided the declaration page

13043481v2

of its policy to Trustee.

8.    I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9.    The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 1st day of October, 2019.

GOLDWATER LAW FIRM
/s/ _____
Robert W. Goldwater
Arizona Bar No. 014443

13043481v2

## EXHIBIT "C"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1.     I am an attorney of the law firm Bertram & Graf, LLC, 2345 Grand Blvd., Ste 1925 Kansas City, MO 64108 (the "**Firm**").

2.     The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtors, their creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Mrs. Wilbanks in a matter related to a potential transvaginal mesh/sling claim.

3.     I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtors' Ch. 7, Case No. 10-60990-WLH, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4.     Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5.     I acknowledge, understand, and agree that the Contract for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6.     I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7.     I further represent and warrant that Bertram & Graf, LLC maintains errors and omissions insurance coverage in the amount of $ 5 million and has provided the declaration

page of its policy to Trustee.

8.  I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9.  The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 30th day of September, 2019.

BERTRAM & GRAF, LLC

/s/ *Benj. A. Bertr*
Benjamin A. Bertram
Minnesota Bar No. 56945

13043481v2

## EXHIBIT "D" FOLLOWS

13043481v2



# ATTORNEY-CLIENT FEE AGREEMENT

In consideration of legal services to be rendered by Ford and Associates Nationwide Legal Services, A.P.C., Goldwater Law Firm, and Bertram & Graf, L.L.C., hereinafter called ATTORNEY, on behalf of Kimberly Ann Wilbanks, hereinafter called CLIENT, both ATTORNEY and CLIENT acknowledge and agree to the following:

**1. SCOPE OF SERVICES.** CLIENT is hiring ATTORNEY to represent him/her with respect to a potential transvaginal mesh/sling claim. ATTORNEY will provide those legal services reasonably required to represent CLIENT. The scope of ATTORNEYS' representation of CLIENT specifically does not include the following, whether related or unrelated to the above-described litigation: (a) workers' compensation claims and/or benefits; (b) preservation of governmental benefits; (c) health care bills and/or lien issues; (d) probate, tax, domestic and/or criminal matters; and (e) medical malpractice/health care provider negligence claims. ATTORNEY will take reasonable steps to keep CLIENT informed of progress and to respond to inquiries. If a court action is filed, ATTORNEY will represent CLIENT through trial and post-trial motions. After judgment, ATTORNEY will not represent CLIENT in any post-trial matters, including execution proceedings or an appeal. Unless CLIENT and ATTORNEY make a different agreement in writing, this Agreement will govern. This Agreement will not take effect, and ATTORNEY will have no obligation to provide legal services, until client returns a signed copy of this Agreement. No attorney client relationship and no expectation of confidentiality is present until this Agreement is signed by both parties. This Agreement is subject to investigation as to the viability of the claim in the sole determination of Attorney. In the event that an ATTORNEY determines that no claim can be successfully made, that the probability of winning CLIENT's claim is remote, or that it is not economically feasible to pursue CLIENT's claim because the cost of litigation would be great and the amount of recovery is small, this Agreement shall not obligate ATTORNEY to proceed any further.

**2. *NO RECOVERY / NO FEE*.** IF NO RECOVERY IS OBTAINED, NO FEE SHALL BE PAYABLE TO ATTORNEY BY CLIENT.

***CONTINGENCY FEE***. In consideration of the legal services to be rendered by ATTORNEY, for any claims that CLIENT may have against the parties responsible for claims by CLIENT, CLIENT does employ ATTORNEY for a legal fee of FORTY PERCENT (40.00%) of all amounts recovered against the adverse parties in this matter. At no time will the attorney fee exceed 40.00%, although attorney may associate the services of another Attorney or Attorney firm.

ATTORNEY has informed CLIENT that legal fees are not set by law, but are negotiable between ATTORNEY and CLIENT. CLIENT acknowledges that the fees stated hereinabove were reached and mutually agreed to through open discussion and negotiation. All expenses and charges of any nature incurred in conjunction with the above-mentioned claim are not legal fees and expenses, such as filing fees, court fees/costs, staff charges, postage, long distance telephone, investigative fees, expert fees, deposition costs, copy costs, exhibit expenses and any other such costs are also deducted from the gross settlement amount or recovery and reimbursed before computation of Attorneys' fees.

**3. *ASSOCIATE COUNSEL*.** CLIENT expressly grants ATTORNEY the right to associate into this matter counsel of ATTORNEY'S sole choice. No increase of the attorney's fee to CLIENT under this Agreement shall occur by any such association in of counsel. Attorneys will inform CLIENT of the identity of Associate Counsel and of any agreement to share attorney fees with Associate Counsel. CLIENT agrees and understands that ATTORNEYS will be assuming joint responsibility of the Claims, and that such association will not increase the net attorney fees paid by CLIENT. The current Associate Counsel fee split is as follows:

FORD & ASSOCIATES NATIONWIDE LEGAL SERVICES, A.P.C.: 33%

~~GOLDWATER LAW FIRM: 22%~~

BERTRAM & GRAF, L.L.C: 45%

**4. *CLIENT'S DUTIES*.** CLIENT agrees to be truthful with ATTORNEY, to cooperate, to keep ATTORNEY informed of developments, to abide by this Agreement, and to keep ATTORNEY advised of CLIENT'S address, telephone number, and whereabouts.

**5. *TIMELINESS OF CLAIMS*.** CLIENT recognizes that ATTORNEY must have certain information from CLIENT to

determine whether CLIENT has a claim. CLIENT understands that if a lawsuit is not filed prior to the expiration of the statute of limitations, CLIENT will lose his/her right to make a claim. By signing this agreement, CLIENT recognizes that the statute of limitations may have already expired and, if it has not, each day that passes brings CLIENT closer to the expiration of the statute of limitations. Furthermore, CLIENT agrees and understands that ATTORNEY will not be able to determine whether CLIENT has a viable claim or file a lawsuit on CLIENT's behalf unless and until CLIENT has provided (1) proof of ingestion of the pharmaceutical at issue and (2) copies of CLIENT's medical records. CLIENT also understands it will take ATTORNEY a minimum of sixty (60) days after the receipt of such information to evaluate CLIENT's case, and that should the statute of limitations or any other applicable deadlines including, but not limited to class registration deadlines expire prior to or during that sixty day period or after the sixty day period, but before ATTORNEY has had a reasonable opportunity to evaluate CLIENT's case, CLIENT agrees not to hold ATTORNEY responsible for any consequence related to the expiration of that deadline.

**6. DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in ATTORNEY'S statements to CLIENT shall be construed as a promise or guarantee about the outcome of CLIENT'S matter. ATTORNEY makes no such promises or guarantees. ATTORNEY comments about the outcome of CLIENT matter are expressions of opinion only.

**7. TERMINATION OF THIS AGREEMENT.** If this Agreement is terminated before the case is resolved CLIENT gives ATTORNEY a lien against any subsequent recovery in this case for ATTORNEY's time and expenses. If an offer has been negotiated ATTORNEY will have a lien upon any subsequent recovery equal to 40% of the offer or an amount to compensate for time and expenses, whichever is greater. ATTORNEY may withdraw from representation of CLIENT at any time if ATTORNEY determines prosecution of the claim is not practicable. ATTORNEY may, after further investigation of the merits of this claim, cancel this contract of employment by mailing notice to the CLIENT. In such event there will be no charge for services rendered or expenses incurred by ATTORNEY. ATTORNEY is authorized to enter into settlement negotiations regarding a possible settlement of CLIENT'S claim. However, ATTORNEY is to make no settlement of CLIENT'S claim without CLIENT's consent. If a settlement offer is received which, in the opinion of ATTORNEY is a fair and reasonable compromise of CLIENT'S claim, and CLIENT declines to settle, ATTORNEY may withdraw as CLIENT's attorney and assert a lien for fees and expenses incurred.

**8. LIMITED POWER OF ATTORNEY.** CLIENT hereby grants ATTORNEY a limited power of attorney to endorse the CLIENT'S name to any checks or drafts received by ATTORNEY in settlement of any and all claims pursued by ATTORNEY on behalf of CLIENT. Such settlement funds shall be placed in trust for CLIENT'S benefit.

**9. ARBITRATION.** CLIENT hereby acknowledges being advised that ATTORNEY maintains error and omissions insurance coverage applicable to the services to be rendered to CLIENT by ATTORNEY. CLIENT consents that any controversy between the parties hereto involving the construction or application of any of the terms, covenants, or conditions of this Agreement or the quality of the legal services rendered, on written request of one party served on the other, shall be exclusively submitted to binding arbitration, and such arbitration shall comply with, and be governed by California law and conducted in California. The cost of arbitration, including an award of attorney's fees, may be borne by the losing party or in such proportions as the arbitrator may decide.

CLIENT consents to the exclusive application of California law to this Agreement, and to the exclusive jurisdiction and venue for the above exclusive binding arbitration procedure to be California.

In the event of any fee dispute, CLIENT consents that the California Bar Association shall be the proper arbiter. CLIENT consents to jurisdiction and venue in California and to the above dispute processes.

CLIENT understands that this provision is a full and voluntary WAIVER of CLIENT'S ability to have a court and jury determine any dispute between ATTORNEY and CLIENT.

**10. FILES, PAPERS, PROPERTY & STORAGE.** In the general course of representation, ATTORNEY will provide CLIENT copies of the documents, papers and materials related to and arising from this representation. CLIENT acknowledges and agrees that such materials are provided so that CLIENT may maintain CLIENT'S own files in this matter. ATTORNEY'S records in this matter are expressly agreed by CLIENT to be the sole property of ATTORNEY. Furthermore, client agrees that Attorney may keep an electronic copy of client's file in lieu of a paper hardcopy file.

**11. MODIFICATIONS.** This Agreement states the complete agreement and all understandings between CLIENT and ATTORNEY. No modifications to this Agreement shall be of any force or effect, unless it shall be in writing and signed by the party to be affected.

**12. ELECTRONIC SIGNATURE.** An electronic or facsimile signature shall be as valid as an original for all purposes.

**NOTE TO CLIENT**: This is a contract. It protects both you and ATTORNEY and will prevent misunderstanding. Please sign this Agreement only if you understand and agree with it. This Agreement is deemed entered into and to be performed in California. Legal services in jurisdictions outside of California shall be cause for association in of counsel, and the terms of this Agreement shall otherwise be in full force and effect.

I have read and understood the foregoing terms, and agree to them as of the date ATTORNEY first provided services. If more than one party signs below, we each agree to be individually liable, jointly and severally, for all obligations under this Attorney-Client Fee Agreement.

DATED: 12-22-15

CLIENT:

_____
Signature

Kimberly Ann Wilbanks
Print Name

SPOUSE:

_____
Signature

Bobby M Wilbanks
Print Name

DATED: _____

FORD AND ASSOCIATES NATIONWIDE LEGAL SERVICES, A.P.C.:

_____
Patrick M. Ford

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Application To Employ Ford & Associates Nationwide Legal Services, APC, Goldwater Law Firm, And Bertram & Graf, LLC As Special Counsel For Trustee* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Karen Scott Greene
Karen Scott Greene, PC
PO Box 390322
Snellville, GA 30039

Bobby Manalcus Wilbanks
943 Lake Stone Lea Drive
Oxford, GA 30054

Kimberly Ann Wilbanks
943 Lake Stone Lea Drive
Oxford, GA 30054

Goldwater Law Firm
11811 N. Tatum Blvd., Suite 3031,
Phoenix, Arizona 85028

Bertram & Graf, LLC
4717 Grand Ave, Ste 800
Kansas City, MO 64112

Ford & Associates Nationwide Legal Services, APC.
3555 Fourth Avenue
San Diego, CA 92103

This 10th day of January, 2020.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

13043481v2