UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BOBBY MANALCUS WILBANKS, | : | CASE NO. 10-60990-WLH |
| KIMBERLY ANN WILBANKS | : | |
| | : | |
| Debtors. | : | |

**MOTION FOR APPROVAL OF SETTLEMENT OF PRODUCT LIABILITY CLAIM UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND REQUEST TO MAKE CERTAIN PAYMENTS IN ACCORDANCE WITH SAME**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**"), by and through undersigned counsel, and files this *Motion for Approval of Settlement of Product Liability Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* (the "**Motion**"), and respectfully shows this Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

*a. General Background*

2. On January 12, 2010 ("**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 10-60990-WLH (the "**Bankruptcy Case**"). On May 20, 2010, the Court entered an *Order Discharging Chapter 7*

16144079v1

*Debtors.* [Doc. No. 19]. On September 6, 2013, the Court entered an *Order Discharging Debtors and Closing Estate.* [Doc No. 51]. Barbara B. Stalzer was appointed to the Bankruptcy Case as the interim Chapter 7 trustee on or about the Petition Date, under 11 U.S.C. § 701(a)(1).

3.  On June 14, 2018, the United States Trustee filed a motion to reopen the Bankruptcy Case so that an unscheduled product liability claim of Mr. & Mrs. Wilbanks related to the implant of a medical device in Mrs. Wilbanks (the "**Claim**") could be administered for the benefit of Debtors' creditors [Doc No. 53]. On June 18, 2018, the Court entered an order reopening the case. [Doc. No. 57].

4.  On June 26, 2018, Trustee was appointed as successor Chapter 7 Trustee and remains in that role. [Doc No. 59].

5.  On July 20, 2018, after the Court reopened the Bankruptcy Case, Debtors scheduled the Claim in the amounts of $80,000.00 and $13,000.00 as joint property of both Debtors. [Doc. No 61 at page 3 of 8]. Upon information and belief, Mrs. Wilbanks and Mr. Wilbanks were both named plaintiffs in the civil Complaint and are both owners of the Claim.

6.  On August 10, 2018, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 62], and the Court entered an *Order* [Doc. No. 63] on August 15, 2018 appointing Arnall Golden Gregory LLP as attorneys for Trustee.

*b. The Claim*

7.  At the commencement of the Bankruptcy Case, bankruptcy estates were created for each of Debtors under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property acquired after commencement of the case. 11 U.S.C. § 541(a)(1) and (7) (2016).

8.  The Claim is property of the Bankruptcy Estate.

16144079v1

9. On January 10, 2020, Trustee filed his *Application to Employ Ford & Associates Nationwide Legal Services, APC, Goldwater Law Firm, And Bertram & Graf, LLC As Special Counsel For Trustee* [Doc. No. 71], and the Court entered an *Order* [Doc. No. 72] on January 15, 2020 authorizing the retention of Ford & Associates Nationwide Legal Services, APC ("**Ford**"), Goldwater Law Firm ("**Goldwater**"), and Bertram & Graf, LLC ("**B&G**", together with Ford and Goldwater, "**Special Counsel**") as special counsel for Trustee.

*c. The Proposed Settlement*

10. Following negotiations, and subject to the approval of this Court, the Claim has been settled (the "**Settlement**").

11. An offer has been made to settle the Claim for a total gross settlement amount of $80,000.00 ("**Gross Settlement Amount**").

12. The aggregate settlement funds are currently held in a settlement trust, which includes the funds of the Claim. The trust has been approved as a Qualified Settlement Fund ("**QSF**") by the Settlement Court, which retains continuing jurisdiction over the QSF, including all payments from the settlement trust. The Trustee of the QSF (the "**Settlement Fund Trustee**") has been approved to oversee the distribution of funds from the QSF and all payments from the QSF shall be made by the Settlement Fund Trustee.

13. In accordance with the terms of the Settlement Agreement, a portion of the Settlement Award will be used to satisfy all medical claims related to or arising from the Incident. Pending the Court's approval, the holders of these claims, Medicare, GA Medicaid, Humana (PLRP), Anthem Blue Cross Blue Shield, United Healthcare (PLRP), Principal Financial (collectively, the "**Medical Lien Holders**"), have agreed to certain reductions in the amounts owed to satisfy their claims or demands related to or arising from the Claim. These reductions are set forth in the settlement statement attached hereto and incorporated herein by reference as Exhibit "A" (the

16144079v1

"**Settlement Statement**").  Certain fees, costs and expenses under the settlement must be paid and/or withheld by the Settlement Fund Trustee and paid to the appropriate recipients. If awarded by the Court,[1] Special Counsel will be paid fees in the amount of $29,901.76 (or 40% of the gross settlement amount of $80,000, less costs) and reimbursement of expenses in the amount of $541.52.  If approved by the Court, the Medical Lien Holders will be paid a total of $1,919.80. If approved by the Court, the QSF Administrative Expenses will be paid in the amount of $1,404.08 pursuant to the court-ordered QSF administration. If approved by the Court, $4,000 (2.00% of gross Settlement amount deducted from Special Counsel's fee and 3.00% of gross Settlement amount deducted from the Settlement amount) will be paid pursuant to the court-ordered multidistrict litigation assessment.[2] Upon the terms of the settlement being satisfied, and the fees, costs and expenses set forth above being paid by the Settlement Fund Trustee, the net remaining balance of the settlement proceeds, in the anticipated amount of $42,232.84 (the "**Net Proceeds**"), shall be authorized to be distributed by the Settlement Fund Trustee to the Trustee.

14. As a result, the Bankruptcy Estate will have available for distribution under 11 U.S.C. § 726 the remaining $42,232.84, calculated as follows:

| | |
|---|---|
| Gross Settlement | $80,000.00 |
| | |
| Satisfaction of Medical Liens | $1,919.80 |
| MDL Fee | $4,000.00 |
| Special Counsel Attorney's Fees | $29,901.76 |
| Case Expenses (Special Counsel and Administrative Expenses) | $1,945.60 |
| | |
| **Net to Estate** | **$42,232.84** |

---

[1] Contemporaneously with the filing of this Motion, Trustee has filed an application to approve the fees and expenses of Special Counsel.
[2] This fee is further explained in the Settlement Statement attached hereto as Exhibit "A".

16144079v1

**Relief Requested**

15. Trustee requests an order from the Court approving the Settlement and authorizing Trustee to settle the interest of the Estate in the Claim under the terms set forth herein.

16. Trustee requests authority for the Settlement Fund Trustee, on behalf of the Trustee or as a constructive distribution under 11 U.S.C. §326, to pay the above noted fees and costs, including the medical liens at the reduced amounts set forth in the attached Exhibit "A."

**Basis for Relief Requested**

17. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

18. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

19. Under the standard set forth above, Trustee believes that the Court should grant the Motion and approve the Settlement.

20. Trustee asserts that the terms of the Settlement fall well within the range of reasonableness for a settlement of this matter and will meaningfully benefit the Debtors'

16144079v1

Bankruptcy Estate and its creditors, and therefore respectfully requests that the Court grant the Motion.

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement, authorize Trustee, through the Settlement Fund Trustee, to make the payments requested herein, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 2nd day of February, 2021.

                                ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
     Michael J. Bargar
     Ga. Bar No. 645709

Arnall Golden Gregory, LLP
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500/Fax: (404) 873-8501
Email: michael.bargar@agg.com

16144079v1

**EXHIBIT "A" FOLLOWS**

16144079v1

## SETTLEMENT LEDGER

| Kimberly Wilbanks<br>943 Lake Stone Lea Drive<br>Oxford, GA 30054 | Claimant ID#: BTGETA11366<br>Net Amount Due: $42,232.84<br>Date: August 30, 2019 |
|---|---|

| Settlement Allocation | $80,000.00 |
|---|---:|

**Court-Ordered MDL Assessment** [1]

| 2.00% of gross deducted from Attorneys' Fees | ($1,600.00) |
|---|---:|
| 3.00% of gross deducted from Claimant Net | ($2,400.00) |
| | **Total MDL ($4,000.00)** |

**Attorneys' Fees**

Contingency Fee Contract Rate: 40.00% minus MDL Assessment

Detailed Accounting by Law Firm:
Bertram & Graf, LLC
Ford & Associates
Goldwater Law Firm

| (attorneys' fees deducted after expenses per contract) | **Total Attorneys' Fees ($29,901.76)** |
|---|---:|

**Medical Liens**

| Medicare | Lien Resolved To: | $0.00 |
|---|---|---:|
| GA Medicaid | Lien Resolved To: | $0.00 |
| Humana (PLRP) | Lien Resolved To: | ($1,919.80) |
| Anthem Blue Cross Blue Shield | Lien Resolved To: | $0.00 |
| United Healthcare (PLRP) | Lien Resolved To: | $0.00 |
| Principal Financial | Lien Resolved To: | $0.00 |
| | | **Total Medical Liens ($1,919.80)** |

**Case Expenses** (See attached accounting)

| Administrative Expenses | ($1,404.08) |
|---|---:|
| General and Case-specific Expenses | ($541.52) |
| | **Total Case Expenses: ($1,945.60)** |

**Case Advances**

| | **Total Case Advances: ($0.00)** |
|---|---:|

| **Net Allocation Amount Due To Claimant** | **$42,232.84** |
|---|---:|

[1] This assessment is required by Case Management Order No. 62 ("Establishing Common Benefit Fee and Expense Fund") issued on August 26, 2013, by Judge Joseph R. Goodwin of the United States District Court for the Southern District of West Virginia in In re: ▮▮▮ Repair System Products Liability Litigation (MDL No. 2327). Pursuant to that Order, these funds will be paid to the court-appointed Common Benefit Attorneys who organized the discovery portion of the nationwide litigation to reimburse them for their incurred expenses and their time.

BTGETA-1462-11366-CS190830-01-S




**Administrative Expenses**

| | |
|---|---:|
| Lien Resolution Fee | ($125.00) |
| Qualified Settlement Fund Administration Fees[1] | ($572.00) |
| Bankruptcy Coordination Fee | ($700.00) |
| Postage | ($6.35) |
| Packet Cost | ($0.73) |

**Total Administrative Fees: ($1,404.08)**

**Primary Counsel Expenses**

**Please note that the expenses below were reported by your primary law firm, Bertram & Graf, LLC, to the Settlement Fund Trustee (The Settlement Alliance), which assumes no responsibility or liability for the accuracy or reasonableness of the expenses. For questions concerning the accounting below, please contact your primary law firm.**

**Claimant Portion of Primary Firm General Expenses** ($541.52)

| | |
|---|---:|
| Bertram & Graf Expenses | $0.00 |

**Total Primary Counsel Expenses: ($0.00)**

BTGETA-1462-11366-CS190830-01-S




## CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement of Product Liability Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305

Karen Scott Greene
Karen Scott Greene, PC
PO Box 390322
Snellville, GA 30039

Bobby Manalcus Wilbanks
426 Ellington Road
Oxford, GA 30054

Kimberly Ann Wilbanks
426 Ellington Road
Oxford, GA 30054

This 2nd day of February, 2021.

    */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709

16144079v1