UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BOBBY MANALCUS WILBANKS, | : | CASE NO. 10-60990-WLH |
| KIMBERLY ANN WILBANKS | : | |
| | : | |
| Debtors. | : | |

**TRUSTEE'S APPLICATION FOR FINAL COMPENSATION
OF SPECIAL COUNSEL AND REQUEST
FOR AUTHORIZATION TO PAY COMPENSATION**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Bobby Manalcus Wilbanks and Kimberly Ann Wilbanks (collectively, "**Debtors**"), by and through undersigned counsel, and files *Trustee's Application for Final Compensation of Special Counsel and Request for Authorization to Pay Compensation* (the "**Application**") seeking allowance of final compensation of $29,901.76 (or 40% of the gross settlement amount of $80.000.00), and respectfully shows this Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

*a. General Background*

2. On January 12, 2010 ("**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 10-60990-WLH (the "**Bankruptcy Case**"). On May 20, 2010, the Court entered an *Order Discharging Chapter 7*

16144078v1

*Debtors.* [Doc. No. 19]. On September 6, 2013, the Court entered an *Order Discharging Debtors and Closing Estate.* [Doc No. 51]. Barbara B. Stalzer was appointed to the Bankruptcy Case as the interim Chapter 7 trustee on or about the Petition Date, under 11 U.S.C. § 701(a)(1).

3. On June 14, 2018, the United States Trustee filed a motion to reopen the Bankruptcy Case so that an unscheduled personal injury or product liability claim of Mrs. Wilbanks related to the use of pelvic mesh (the "**Claim**") could be administered for the benefit of Debtors' creditors [Doc No. 53]. On June 18, 2018, the Court entered an order reopening the case. [Doc. No. 57].

4. On June 26, 2018, Trustee was appointed as successor Chapter 7 Trustee and remains in that role. [Doc No. 59].

5. On July 20, 2018, after the Court reopened the Bankruptcy Case, Debtors scheduled the Claim in the amounts of $80,000.00 and $13,000.00 as joint property of both Debtors. [Doc. No 61 at page 3 of 8]. Upon information and belief, Mrs. Wilbanks and Mr. Wilbanks were both named plaintiffs in the civil Complaint and are both owners of the Claim.

6. On August 10, 2018, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 62], and the Court entered an *Order* [Doc. No. 63] on August 15, 2018 appointing Arnall Golden Gregory LLP as attorneys for Trustee.

*b. The Claim*

7. At the commencement of the Bankruptcy Case, bankruptcy estates were created for each of Debtors under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property acquired after commencement of the case. 11 U.S.C. § 541(a)(1) and (7) (2016).

8. The Claim is property of the Bankruptcy Estate.

16144078v1

9. On January 10, 2020, Trustee filed his *Application to Employ Ford & Associates Nationwide Legal Services, APC, Goldwater Law Firm, And Bertram & Graf, LLC As Special Counsel For Trustee* [Doc. No. 71], and the Court entered an *Order* [Doc. No. 72] on January 15, 2020 authorizing the retention of Ford & Associates Nationwide Legal Services, APC ("**Ford**"), Goldwater Law Firm ("**Goldwater**"), and Bertram & Graf, LLC ("**B&G**", together with Ford and Goldwater, "**Special Counsel**") as special counsel for Trustee.

*c. The Proposed Settlement along with Fees and Expenses*

10. Following negotiations, and subject to the approval of this Court, the Claim has been settled (the "**Settlement**").[1]

11. The gross Settlement award is $80,000.00.

12. On or about December 22, 2015, Debtors entered into a representation agreement with Special Counsel (the "**Contract**"), to pursue the Claim. The Terms of this Contract, subject to a few changes, was approved by the Court in the Court's Order [Doc. No. 72]. The Contract provides that Special Counsel will be paid a fee of forty percent (40%) of the gross amount less expenses, paid as settlement proceeds[2] or as satisfaction of any judgment as compensation for legal services rendered in connection with the Claim split as follows.

| Ford & Associates Nationwide Legal Services, APC | 33% | $9,867.58 |
| --- | --- | --- |
| Goldwater Law Firm | 22% | $6,578.39 |
| Bertram & Graf, LLC | 45% | $13,455.79 |
| TOTAL | 100% | $29,901.76 |

---

[1] Contemporaneously with the filing of this fee application, Trustee has filed a *Motion for Approval of Settlement of Product Liability Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* (the "**Settlement Motion**").

[2] 2.00% of the gross Settlement award ($1,600.00) has been deducted from Special Counsel's fee as part of the court-ordered MDL Assessment.

16144078v1

13. If approved by the Court, Special Counsel will be reimbursed for actual expenses in the amount of $541.52, which consists of $433.42 (Special Master Fee) and $108.10 (Wave Costs), incurred in its representation of the Bankruptcy Estate in settling the Claim. Special Counsel incurred the Special Master Fee for the court-appointed Settlement Master, Cathy Yanni of JAMS, Inc. Wave costs are litigation expenses incurred by Special Counsel for cases ordered by the court to proceed with litigation. These costs were necessary in order for there to be a settlement. These costs were divided equally among the 264 clients in the settlement.

14. If approved by the Court, the following additional expenses will be paid from the gross Settlement award:

| | |
|---|---|
| MDL Fee (3.00% of gross Settlement award deducted from net recovery and 2.00% deducted from Special Counsel Fees) | $4,000.00 |
| Satisfaction of Medical Liens | $1,919.80 |
| QSF Administrative Expenses | $1,404.08 |

15. As a result, the Bankruptcy Estate will have available for distribution under 11 U.S.C. § 726 the remaining $42,232.84, calculated as follows:

| | |
|---|---|
| Gross Settlement | $80,000.00 |
| | |
| Satisfaction of Medical Liens | $1,919.80 |
| MDL Fee | $4,000.00 |
| Special Counsel Attorney's Fees | $29,901.76 |
| Case Expenses (Special Counsel Expenses) | $541.52 |
| Case Expenses (QSF Administrative Expenses) | $1,404.08 |
| | |
| **Net to Estate** | **$42,232.84** |

16144078v1

**Relief Requested and Basis for Same**

16. Trustee requests an order from the Court approving as a final fee award the fees and expenses of Special Counsel in the amounts of $29,901.76 and $541.52, respectively, and authorizing Trustee to pay the same through the Settlement Fund Trustee.

17. Trustee respectfully shows that the final compensation requested by Special Counsel satisfies the standards and guidelines set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and *In Re First Colonial Corporation*, 544 F.2d 1291 (5th Cir. 1977), as amplified by *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

WHEREFORE, Trustee requests that this Court grant the Application and approve the compensation and expenses of Special Counsel in the amounts of $29,901.76 and $541.52, respectively, as full and final compensation for representation in litigating the Claim.

Respectfully submitted this 2nd day of February, 2021.

<div style="margin-left:50%">

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:/s/ *Michael J. Bargar*
   Michael J. Bargar
   Ga. Bar No. 645709
Arnall Golden Gregory, LLP
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500/Fax: (404) 873-8501
Email: michael.bargar@agg.com
Attorneys for Chapter 7 Trustee

</div>

16144078v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Trustee's Application for Final Compensation of Special Counsel and Request for Authorization to Pay Compensation* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

>Office of the United States Trustee
>362 Richard B. Russell Building
>75 Ted Turner Drive, SW
>Atlanta, GA 30303
>
>S. Gregory Hays
>Hays Financial Consulting, LLC
>2964 Peachtree Road, Suite 555
>Atlanta, GA 30305
>
>Karen Scott Greene
>Karen Scott Greene, PC
>PO Box 390322
>Snellville, GA 30039
>
>Bobby Manalcus Wilbanks
>426 Ellington Road
>Oxford, GA 30054
>
>Kimberly Ann Wilbanks
>426 Ellington Road
>Oxford, GA 30054

This 2nd day of February, 2021.

>*/s/ Michael J. Bargar*
>Michael J. Bargar
>Georgia Bar No. 645709

16144078v1